UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Scott, #173443, | ) C/A No.: 2:11-2888-CMC-BHH |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Willie L. Eagleton, | ) |
| Respondent. | ) |

Petitioner Curtis Scott, proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2254. Plaintiff is incarcerated in the Evans Correctional Institution, a facility operated by the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Petitioner challenges a 2006 conviction for attempted armed robbery for which he was sentenced to thirteen (13) years. His direct appeal was affirmed in January 2008. He alleges his appeal of the denial of his application for post-conviction relief ("PCR") is still pending. *Petition* at 13.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House*

*of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the above-captioned case should be dismissed because the petitioner has not exhausted his state remedies. With respect to his convictions and sentences, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"). Although the petitioner filed an application for post-conviction relief, he alleges the appeal

of the denial of that application is currently pending before the South Carolina Supreme Court. As a result, the grounds raised in the § 2254 petition have not been considered and fully addressed by courts of the State of South Carolina.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if the petitioner files an application for post-conviction relief and the Court of Common Pleas for Jasper County denies post-conviction relief or dismisses the petitioner's application for post-conviction relief, the petitioner must seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas for Jasper County, or federal collateral review of the grounds raised in his application for post-conviction relief will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-854 (4th Cir. 1984); and *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir. 1977).

Since the petitioner has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not

been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

s/Bruce Howe Hendricks
United States Magistrate Judge

December 15, 2011
Charleston, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report

and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).